OPINION
This is an appeal from the judgment of the Paulding County Common Pleas Court which granted summary judgment to Defendant-Appellee, The Antwerp Exchange Bank Co. (Bank), in a case regarding Plaintiff-Appellant, Irene Benschneider's (Irene) obligation to pay a debt to the Bank as a co-signor on her son's loan.
On March 11, 1998, the Bank loaned Irene's son, Todd Benschneider (Todd), $65,000.00 to finance Todd's farming operations. The loan was unsecured. However, Irene signed the note in a capacity which was characterized by the Bank in a deposition as a "co-signor * * * guaranteeing the obligation."
On December 31, 1998, the bank loaned an additional $40,518.00 to Todd. This loan was secured by a blanket lien in all of Todd's interest in any farm machinery or equipment then owned or acquired thereafter. The parties agree that the note was perfected by filing a financing statement on January 5, 1999. Irene asserts that she did not know of the existence of nor guarantee this loan.
On March 26, 1999, the Bank re-wrote the $65,000.00 loan, which was co-signed by Irene resulting in a loan of $42,630.77 and also issued a new loan in the amount of $50,009.00. These loans were secured by Todd's grant of a security interest in all equipment, farm products, general intangibles, and government payments and programs to the Bank. The parties agree that the Bank perfected its interest in the equipment. However, the Bank did not perfect its interest in the farm products, general intangibles, and government payments and programs. Irene signed the March 26, 1999 notes in the same capacity as she signed the March 11, 1998 note. Prior to Irene signing the March 26, 1999 notes, the bank did not advise Irene of the December 31, 1998 loan made to Todd alone using the same farm equipment as collateral. Nor did the Bank notify Irene that the Bank failed to perfect the security interest in the farm products, general intangibles, or government payments and programs.[1]
However, the March 26, 1999, notes contained the following language:
"I waive any defenses I have based on suretyship or impairment of collateral
"* * *
"If you give up any of your rights, with or without notice, it will not affect my duty to pay this note. Any extension of new credit to any of us, or renewal of this note by all or less than all of us will not release me from my duty to pay."
In December 1999, Todd became ill, and Irene became Todd's guardian as to his financial affairs. Todd never recovered from his illness and was unable to repay any of his loans to the Bank. On August 19, 2000, the farm equipment was auctioned for $104,048.92. The bank received $55,291.22 of the proceeds from the auction. The bank did not receive any payment from Todd's interest in the farm products, general intangibles, government payments and programs. The bank applied the proceeds of $55,291.22 first to the December 31, 1998 loan and applied the remainder of the money towards the March 26, 1999 loans to which Benschneider was a co-signor.
On November 9, 2000, Irene filed a complaint against the Bank seeking a judgment declaring that Irene was discharged from her obligation as a guarantor on Todd's loans based on the bank's failure to perfect its liens and for the bank's breach of its duty of good faith in connection with the execution of the documents. On July 13, 2001, the Bank filed a motion for summary judgment, which the trial court granted on September 6, 2001 finding that Irene waived any suretyship or impairment of collateral defenses.
Irene now appeals asserting two assignments of error, which will be discussed together:
"The trial court erred in granting summary judgment in Appellee's favor because Appellee failed to meet its burden to prove that no loss was caused by the modification or that loss was caused by the modification was an amount less than the amount of the right of recourse.
"The trial court erred in granting summary judgment in Appellee's favor on the grounds that Appellant had waived her right to any defenses based on suretyship or impairment of collateral."
An appellate court reviews a grant of summary judgment de novo. LorainNat'l Bank v. Saratoga Apts. (1989), 61 Ohio App.3d 127, 129. Summary Judgment is proper if the evidence filed in a case shows that there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law. Civ.R.56(C). Furthermore, summary judgment should be granted,
"if it appears from such evidence or stipulation and only therefrom, that reasonable minds can come to but one conclusion and that conclusion is adverse to the party against whom the motion for summary judgment is made, such party being entitled to have the evidence or stipulation construed most strongly in his favor." Civ.R.56(C).
Moreover, the party moving for summary judgment bears the initial burden of demonstrating that there is no issue of material fact. Dresherv. Burt (1996), 75 Ohio St.3d 280, 292. However, the burden of the moving party is not discharged "simply by making a conclusory assertion that the non-moving party has no evidence to prove its case." Id. at 293. The moving party must be able to point to evidence in the materials listed in Civ.R. 56(C) which indicated the lack of a genuine issue of material fact. Id. at 292. After the moving party has met its burden, the non-moving party has a reciprocal duty to point to specific facts showing that there is a genuine issue for trial. Civ.R. 56(E).
The parties do not dispute the validity of the March 26, 1999 notes. In addition, they agree that Irene signed the notes in the capacity of an accommodation party rather than a maker of the notes. An accommodation party is "a surety, one who guarantees that the debt will be paid in the event the principal maker defaults." Ducey v. Crawford (October 14, 1993) Putnam App. No. 12-93-2.
R.C. 1303.70, which codifies U.C.C. 3-605, governs the discharge of accommodation parties stating,
"(D) If a person entitled to enforce an instrument agrees, with or without consideration, to a material modification of the obligation of a party other than an extension of the due date, the modification discharges the obligation of an indorser or accommodation party having a right of recourse against the person whose obligation is modified to the extent the modification causes loss to the indorser or accommodation party with respect to the right of recourse * * *.
"(E) If the obligation of a party to pay an instrument is secured by an interest in collateral and a person entitled to enforce the instrument impairs the value of the interest in collateral, the obligation of an indorser or accommodation party having a right of recourse against the obligor is discharged to the extent of the impairment * * *.
"* * *
"(G) Under division (E) or (F) of this section, impairing value of an interest in collateral includes any of the following:
"Failure to obtain or maintain perfection or recordation of the interest in collateral;"
However, R.C. 1303.70 also provides an exception to these rules stating,
"(I) A party is not discharged under this section [1303.70] if the party asserting discharge consents to the event or conduct that is the basis of the discharge or if the instrument or a separate agreement of the party provides for waiver of discharge under this section either specifically or by general language indicating that parties waive defenses based on suretyship or impairment of collateral."
Furthermore, paragraph 2 of the Official Comment to U.C.C. 3-605 provides that 3-605 is applicable only to the "occasional case in which the creditor did not include a waiver clause in the instrument * * *."
In this case, while under R.C. 1303.70(G)(1), the failure of the Bank to perfect its interest in the farm equipment would ordinarily discharge Irene to the extent of the impairment of the collateral, Irene signed a note, which provided for waiver of any objection to impairment of collateral. Hence, pursuant to R.C. 1303.70(I), Irene has waived any objections regarding impairment of collateral.
Furthermore, Irene's objections pursuant to R.C. 1303.70(D) assert that the bank modified her agreement with Bank by failing to perfect its security interest in the farm products, general intangibles, and government payments and programs. However, the notes which Irene signed also contained a clause which stated that the Bank's relinquishment of any of its rights regarding the loans did not affect Irene's obligation to pay the notes whether or not Benschneider was informed of the Bank's relinquishment of its rights. Therefore, the Bank's relinquishment of its right to perfect its security interest by financing statement does not affect Irene's obligation to pay the note.
Additionally, Irene relies on Kawasaki Motors Corp., USA v. Navratil
(October 9, 1985) Hancock App. No. 5-84-26 for the proposition that the Bank owed her a duty to inform her of any prior loans made to Todd and any prior interests taken by the bank in Todd's farm machinery and equipment. In Kawasaki, this court adopted the Restatement of Security (1941), section 124(1) which provides
"Where before the surety has undertaken his obligation the creditor knows facts unknown to the surety that materially increase the risk beyond that which the creditor has reason to believe the surety intends to assume, and the creditor also has reason to believe that these facts are unknown to the surety and has a reasonable opportunity to communicate them to the surety, failure of the creditor to notify the surety of such facts is a defense to the surety."
However, this court went on to hold that a creditor is not responsible to conduct an investigation and that "if the creditor is no more than negligent in not discovering facts which affect the risk, the surety will not be discharged from his obligation." Kawasaki, supra.
In this case, the evidence merely shows that the Bank did not specifically inform Irene about Todd's December 31, 1998 loan. However, the evidence does not reveal that the Bank knew that Irene was unaware of the December 31, 1998 loan to her son and the Bank's prior security interest in Todd's farm equipment. Furthermore, Irene stated in a deposition that she did not ask the Bank when signing the March 26, 1999 loans if the bank had made any other loans to Todd nor did she ask Todd whether he had any additional debts. As the Bank is not required to perform an investigation to determine whether Irene was aware of the previous loan, the Bank did not owe a duty to Irene to inform her of Todd's December 31, 1998 loan. Moreover, Irene was informed by a clause in the March 26, 1999 notes that an extension of new credit to Todd would not affect her duty to pay the notes.
Based on the foregoing, we find that the trial court accurately found that there was no genuine issue of material fact and properly granted summary judgment to the Bank. As such, the Appellant's two assignments of error are overruled and the judgment of the trial court is affirmed.
Judgment affirmed.
BRYANT and WALTERS, JJ., concur.
[1] In her deposition, Irene stated that no one from the bank represented to her that the Bank would make a UCC filing securing its interest in Tony's farm products, general intangibles, or government payments and programs.